RHODES *v*. PORTER.

Opinion delivered March 3, 1913.

APPEAL AND ERROR—CONFLICTING TESTIMONY—QUESTION FOR JURY.—In an action in ejectment, where the testimony is in conflict as to whether or not plaintiff sold the land in controversy to the party through whom defendants claim title, the question should have been submitted to the jury.

Appeal from Yell Circuit Court, Danville District; *Hugh Basham,* Judge; reversed.

STATEMENT BY THE COURT.

Appellant brought suit in ejectment against Mary Porter and Anna Porter and two other children of A. P. Porter, deceased, for two acres of land, claiming to be the owner thereof and deraigning his title thereto. Two of the children answered, admitting the allegations of the complaint and disclaiming any interest in the land. Mary Porter and Anna Porter answered, denying the allegations of the complaint as to the ownership of the land, claimed to be the owners thereof, through A. P. Porter, their husband and father, having purchased same from the plaintiff and been delivered possession thereof during his life time. They alleged further that the said

A. P. Porter purchased the lands from the plaintiff; that he paid the consideration therefor; that he had peaceable and adverse possession thereof for more than seven years and had made sundry improvements upon the land.

The evidence upon appellant's part tends to show that he was the owner of the land and agreed to sell A. P. Porter the two acres in controversy in 1898, for which he was to receive in October, thereafter, $150, and upon the payment of which a deed was to be made. When the purchase money became due, Porter objected to paying it, claiming the land belonged to plaintiff's wife, who had since died and that he could not convey the title and wanted him to take the two acres back, saying he was unable to pay for it in any event; that he finally agreed to take the land back and he did so, Porter agreeing to pay him $18 per year rent therefor, thereafter, as long as he should live. He introduced other witnesses, whose testimony tended to corroborate his statements. He testified further that he had always paid the taxes on the land and exhibited his tax receipts and also books of account showing the payment of rent by Porter for the land in controversy.

Mrs. Mary Porter testified that her husband purchased the land, where she lived, from appellant, and paid him for it and that he died in March, 1910.

After the testimony was introduced and the jury instructed and had retired to consider of their verdict and reported a disagreement the court instructed them to find for the defendants on the ground that Mrs. Porter's homestead right attached to the property in controversy and that she could not be divested of it during life, over her objections.

From the judgment on the verdict, this appeal is prosecuted.

*Jo Johnson,* for appellant.

Since the testimony was conflicting as to appellant's right to recover, it was error to take the case from the jury.

KIRBY, J., (after stating the facts). The testimony is in conflict and the court was not warranted in directing a verdict on such testimony. It developed, from plaintiff's testimony that he had sold the lands and delivered the possession thereof to Porter, that Porter failed to pay for them, as agreed and the trade was rescinded and no conveyance of the lands was ever made. It was undisputed that no conveyance of the land was made by Porter and that same was part of the premises occupied by him at the time of his death.

If the lands had been conveyed to the husband of appellee during his lifetime there is no question but that she could have held same as part of the homestead, but the undisputed proof shows that no such conveyance was made and appellant's testimony is all to the effect that the land was never paid for; that the trade was rescinded and that, after such rescission, Porter thereafter paid him rent for the lands. If this state of facts be true, appellee could have had no homestead right, while, upon the other hand, if her statement that her husband purchased the land and possession thereof was delivered to him and he afterwards paid for same, is true, her homestead right would have attached, without regard to whether or not a deed of conveyance had, in fact, been made and she would have been entitled to hold possession of the lands as against appellant in this suit. The testimony being in conflict about this matter, however, the question was one which should have been submitted to and determined by the jury. *Williams v. St. Louis & S. F. Rd Co.*, 103 Ark. 401; 147 S. W. (Ark.) 93.

For the error in directing the verdict, the judgment is reversed and the cause remanded for a new trial.